**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

<table>
<tr><td>

LAURIE A. STAMBUK,

      Plaintiff - Appellant,

 v.

CAROLYN W. COLVIN,[*] Acting
Commissioner of Social Security,

      Defendant - Appellee.

</td><td>

No.   23-2561

DC No. 3:22-cv-05838-GJL

MEMORANDUM[**]

</td></tr>
</table>

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding

Submitted December 2, 2024[***]
Portland, Oregon

Before:    TASHIMA, NGUYEN, and SUNG, Circuit Judges.

---

    [*]     Carolyn W. Colvin is substituted as Acting Commissioner of the Social Security Administration pursuant to Fed. R. App. P. 43(c).

    [**]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [***]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

Laurie A. Stambuk appeals the district court's judgment affirming the Commissioner of Social Security's denial of Stambuk's application for Supplemental Security Income (SSI) benefits and disability insurance benefits under Titles XVI and II, respectively, of the Social Security Act. The administrative law judge (ALJ) found that Stambuk was not disabled, and the district court affirmed. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

1.      The ALJ's rejection of the opinions of Dr. Tsoi and Dr. Packer is not supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) ("We review the district court's order affirming the ALJ's denial of social security benefits de novo[.]"); *see also Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938))).

The ALJ based his rejection on the finding that "the record indicates mild ipact from seizures once [Stambuk] was on medications consistently. The ALJ also found that Stambuk "noted in August 2019 that her last seizure was in December 2018, and the last time a healthcare person witnessed a seizure was in

December 2009." These findings fail to take into account all the medical evidence. In November 2019, Dr. Zendler wrote that Stambuk had had three "breakthrough seizures" since her previous appointment four months earlier, despite the fact that she had "not missed any medications." In November 2020, Dr. Zendler reported that Stambuk continued to have seizures every two or three months, even though she was on medication. In May 2021, Dr. Zendler reported that Stambuk continued to have seizures every two to three months despite treatment with two medications. Moreover, Stambuk's failure to have a seizure while in the presence of a health care professional is irrelevant to whether she continued to have seizures at other times.

The ALJ did not "explain how it considered the supportability and consistency factors" in rejecting Dr. Tsoi's and Dr. Packer's opinions. *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024) (quoting *Woods*, 32 F.4th at 792). Both doctors' opinions are consistent with Dr. Zendler's report of Stambuk's continued seizures through at least May 2021. *See id.* (explaining that consistency is "the extent to which a medical opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim" (quoting *Woods*, 32 F.4th at 792)). As for supportability, although the ALJ correctly found that both doctors' opinions were based on Stambuk's condition in mid-2019 and thus did not take

3

into account the later medical evidence, the later evidence does not show improvement in Stambuk's seizure condition. *See id.* (explaining that supportability "focuses on whether 'a medical source supports a medical opinion by explaining the relevant objective medical evidence'" (quoting *Woods*, 32 F.4th at 791-92)).

2. Nor is the ALJ's rejection of Dr. Griffin's opinion that Stambuk had markedly severe limitations in her ability to perform basic work activities supported by substantial evidence. The ALJ's finding that Stambuk only had moderate limits, relied on only three of the tests Dr. Griffin conducted and ignored all of the other results Dr. Griffin wrote about, without giving any reason for rejecting them. Dr. Griffin's conclusions regarding Stambuk's limitations are supported by the results of the tests Dr. Griffin wrote about on the mental status examination. The ALJ did not explain how he considered the relevant factors of consistency and supportability, instead choosing only a few of Dr. Griffin's results to reject the opinion. *See Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (concluding that the ALJ's rejection of a medical opinion was not supported by substantial evidence where "the ALJ selectively relied on some entries" in the medical records and "ignored the many others that indicated continued, severe impairment").

Moreover, the ALJ rejected the opinions of the doctors who examined Stambuk – Dr. Tsoi and Dr. Griffin – in favor of one Disability Determination Services psychological consultant who only reviewed the medical records, without explaining why. *See Woods*, 32 F.4th at 792 (explaining that, although the regulations no longer require greater weight to be given a treating or examining physician versus a non-examining physician, the regulations "recognize that a medical source's relationship with the claimant is still relevant when assessing the persuasiveness of the source's opinion"); *see also* 20 C.F.R. § 404.1520c(c)(3) (stating that one factor in considering medical opinions is the medical source's relationship with the claimant, such as the length, purpose, and extent of the treatment relationship and the frequency of examinations). The ALJ's rejection of the medical opinions is not supported by sufficient evidence in the record because the ALJ did not show how any of the relevant factors were considered in rejecting the opinions and was not based on the entire medical record. *See Cross v. O'Malley*, 89 F.4th 1211, 1214 (9th Cir. 2024) (stating that, although "[t]he regulations provide that ALJs will no longer 'defer or give any specific evidentiary weight' to any medical opinions," "ALJs must explain how persuasive they find the medical opinion by expressly considering the two most important factors for

evaluating such opinions: 'supportability' and 'consistency'" (first quoting 20 C.F.R. § 416.920c(a); and then quoting 20 C.F.R. § 416.920c(b)(2))).

3.     The ALJ improperly rejected Stambuk's testimony and the lay testimony of the SSI facilitator and Stambuk's roommate.  The ALJ's finding that Stambuk's testimony regarding her symptoms was inconsistent with the evidence failed to take into account all of the evidence, such as Dr. Zendler's November 2020 report that Stambuk was sleeping eighteen to twenty hours a day, and Dr. Lynam's May 2021 report that Stambuk was extremely drowsy during her examination and stated that she was not rested even after twelve to eighteen hours of sleep.[1]  The ALJ's rejection of the lay testimony similarly is based solely on the parts of the record the ALJ cherry-picked, while ignoring the rest of the medical evidence.  *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014); *Reddick v. Chater*, 157 F,3d 715, 723 (9th Cir. 1998)

4.     In light of the ALJ's failure to take into account the evidence that Stambuk continued to have seizures every two to three months despite being on two medications, the ALJ's residual functional capacity finding that Stambuk

---

[1]     The Commissioner's reliance on Dr. Zendler's repeated comment in a Review of Systems checklist, is unavailing because that general comment is contradicted by Dr. Zendler's and Dr. Lynam's specific reports in November 2020 and May 2021 about Stambuk's excessive drowsiness.

could perform light work, lifting objects up to twenty pounds and frequently lifting or carrying objects up to ten pounds, is not supported by substantial evidence.

**REVERSED.**